UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIAN DOYLE,

    Plaintiff,

v.                                Case No: 2:13-cv-614-FtM-38DNF

JOHNSON CONTROLS, INC.,

    Defendant.
_____/

## ORDER[1]

This matter comes before the Court on the Plaintiff, Brian Doyle's Notice of Voluntary Dismissal (Doc. #30) filed on December 5, 2014. Federal Rule of Civil Procedure 41(a)(1)(A), allows a plaintiff to dismiss a case without a court order. The Rule reads in pertinent part:

> Subject to Rules 23(e), 23.1, 23.2 and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>
> (i)    A notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>
> (ii)   A stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1)(A).

The Plaintiff informs the Court that he voluntarily dismisses the Complaint with prejudice. However, the Plaintiff's Notice informing the Court that a settlement was

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

reached was improperly filed. The Notice will not be accepted by the Court. Initially, the Notice was filed pursuant to Fla. R. Civ. P. 1.420 and not under the appropriate Federal Rule. Further, after an answer or summary judgment has been filed—as in this case—the parties must file a joint notice signed by both attorneys specifying that the case has been settled. Here, instead of a notice filed by both Parties under Fed. R. Civ. P. 41, the Plaintiff's Notice was only signed by the Plaintiff's Counsel and was filed under the wrong Rule.

Additionally, pursuant to the Local Rules of the Middle District of Florida "[i]t shall be the duty of all counsel to immediately notify the Court upon settlement. M.D. Fla. Local Rule 3.08(a). In this case, the Plaintiff's Counsel did not notify the Court at all. In fact the mediation report in this case was filed on May 16, 2014, stating the Parties had reached an impasse. (Doc. #29). The Court was not advised that the case had settled until contact was made with the Parties in preparation for the final pretrial conference. At that time, Plaintiff's Counsel disclosed that the matter had been settled. The purpose behind the immediate disclosure of a settlement is so the Court can arrange its calendar and not waste time scheduling and preparing for trials that are no longer necessary. As it is, Counsel wasted and misused the Court's time by failing to follow the Federal and Local Rules.

The Notice of Settlement will be stricken from the record and Counsel for the Plaintiff shall submit an Amended Notice that fully complies with the Rules of this Court.

Accordingly, it is now

**ORDERED:**

The Plaintiff, Brian Doyle's Notice of Voluntary Dismissal (Doc. #30) is **REJECTED**.

- The Clerk of the Court is directed to **STRIKE** the notice (Doc. #30) from the docket sheet.
- The Plaintiff has up to and including **Wednesday, December 10, 2014**, to file an appropriate notice of settlement that fully complies with the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** in Fort Myers, Florida this 5th day of December, 2014.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record